UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ALAN BISH,

        Petitioner,                  Case No. 1:11-cv-1353

v.                                            Honorable Robert Holmes Bell

CARMEN PALMER,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

     I.      <u>Background</u>

In 2009, following a jury trial in Calhoun County Circuit Court, Petitioner Ronald Alan Bish was convicted of armed robbery, MICH. COMP. LAWS § 750.529, first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), unlawful imprisonment, MICH. COMP. LAWS § 750.349b, third-degree fleeing and eluding a police officer, MICH. COMP. LAWS § 257.602a(3)(a), unlawfully driving away a motor vehicle, MICH. COMP. LAWS § 750.413, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and four counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b(1). On October 5, 2009, Defendant was sentenced as an habitual offender, third offense, MICH. COMP. LAWS § 769.11, to 45 to 70 years' imprisonment for armed robbery, 20 to 40 years' imprisonment for first-degree home invasion, 14 to 30 years' imprisonment for unlawful imprisonment, 4 to 10 years' imprisonment for third-degree fleeing and eluding, unlawfully driving away a motor vehicle, and felon in possession, and two years' imprisonment for each felony-firearm conviction.

Petitioner appealed his convictions and sentence to the Michigan Court of Appeals, which affirmed the convictions on March 3, 2011, but remanded the case to the circuit court for resentencing. *See People v. Bish*, No. 294920 (Mich. Ct. App.). Petitioner appealed the decision of the Court of Appeals to the Michigan Supreme Court, but the latter court denied leave to appeal on June 28, 2011, because it was not persuaded that the questions presented should be reviewed by that court. Meanwhile, Petitioner was resentenced on or around April 12, 2011.[1] It appears that he

---

[1] It appears that Petitioner's sentences were reduced to 28 to 60 years for armed robbery, 18 to 40 years for first-degree home invasion, and 4 years and 2 months to 12 years and 6 months for unlawful imprisonment. The other sentences were not changed. *See* Petitioner's profile on the MDOC Offender Tracking Information System, at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=490035.

has appealed the new sentence, and that appeal remains pending before the Michigan Court of Appeals. *See People v. Bish*, No. 303900 (Mich. Ct. App.).

Petitioner raises two grounds for relief in his petition: (1) he was denied ineffective assistance of counsel where trial counsel "failed to move to suppress his statements and introduced [e]vidence of a non[-]testifying prior [c]o-defendant"; and (2) he was denied his right to due process and effective assistance of counsel when appellate counsel refused to raise on appeal issues relating to a newly-discovered toxicology report, and then withheld the trial transcripts and toxicology report from Petitioner, thereby preventing Petitioner from raising the issue on appeal through a *pro se* brief. (Pet. 4, 6; docket #1.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue

*sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges he raised his first claim on direct appeal, but it appears that he did not raise the other claim. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the second issue he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has

exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner initially appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals denied his appeal, in part, but remanded for further sentencing. The Michigan Supreme Court denied leave to appeal on June 28, 2011. Because Petitioner did not petition for certiorari to the United States Supreme Court, the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, September 26, 2011. Thus, absent tolling,[2] Petitioner would have until September 25, 2012 in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues available state-

---

[2] *See* 28 U.S.C. § 2244(d)(2) (providing that the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). Assuming that the start date for the running of the statute of limitations is tied to the Michigan Supreme Court's decision on appeal from the original judgment, his appeal of the second judgment of sentence may toll the running of the statute of limitations. *See Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004) (holding that the statute of limitations is tolled during the pendency of any state post-conviction or other collateral challenge to the judgment of conviction, regardless of what claims are raised).

court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations.  Therefore a stay of these proceedings is not warranted.  Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: February 24, 2012              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE